# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

**TRAVIS PRALL**, on behalf of himself and all others similarly situated,

        Plaintiffs,

v.

**CELLULAR SALES OF KNOXVILLE, INC.,**

        Defendant.

Civil Case No.: 18-cv-136

**CLASS ACTION COMPLAINT**

## INTRODUCTION

1. This action arises out of Defendant Cellular Sales of Knoxville, Inc.'s ("Defendant") practice of placing autodialed telemarketing calls to individuals in the absence of prior express written consent, and in the absence of any "do not call" policy or training, in violation of two separate provisions Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Despite not having such a policy or conducting this training, as required by law prior to making telemarketing calls, Defendant has placed numerous autodialed calls to Plaintiff's cellular telephone.

3. Plaintiff has had no contact with Defendant, done no business with Defendant, and has never provided Defendant prior express written consent to place calls to his cellular telephone.

4. Accordingly, Plaintiff brings this TCPA action on behalf of himself and a class of similarly situated individuals under 47 U.S.C. § 227(c).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6. This Court has jurisdiction over Defendant because Defendant conducts business transactions in this District, has committed tortious acts in and from this District, and has offices located in this District.

7. Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District, has offices located in this District, and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## **PARTIES**

8. Plaintiff Prall is, and at all times mentioned herein was, a citizen and resident of Phoenix, Arizona.

9. Plaintiff Prall is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant Cellular Sales of Knoxville, Inc. is, and at all times mentioned herein was, a Tennessee corporation headquartered at 9040 Executive Park Dr., Floor 3, Knoxville Tennessee 37923.

11. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## **PLAINTIFF PRALL'S FACTS**

12. Beginning in approximately March 2017, Defendant began placing telephone calls to Plaintiff's cellular telephone number ending in 4821.

13. Specifically, these calls occurred on the following dates, among others:

- April 21, 2017 at 9:53 am.
- April 21, 2017 at 12:20 pm.
- June 2, 2017 at 10:16 am.
- July 7, 2017 at 10:24 am.
- September 19, 2017 at 12:27 pm.

14. Each of these calls appeared to use an automatic telephone dialing system.

15. Specifically, the calls contained a lengthy and unnatural pause from the time the call was answered to the time one of Defendant's representatives came on the line.

16. For example, on the September 19 call, Plaintiff was required to say "hello" twice, and one of Defendant's representatives did not arrive on the line until five seconds into the call.

17. This behavior is indicative of a system that automatically dials telephone numbers in bulk, and then seeks to automatically match "connected" calls to an available representative. In other words, an automatic telephone dialing system.

18. These calls were all telemarketing, as they were intended to convince Plaintiff to buy products from Defendant. The calls discussed "upgrade eligibility" and invited Plaintiff to call back or to come into the physical store location to "discuss his options" regarding the upgrade (i.e. what device to purchase).

19. Because the calls constitute telemarketing, Defendant was required to obtain prior express written consent from the persons to whom they made calls.

20. "Prior express written consent" is specifically defined by statute as:

[A]n agreement, in writing, bearing the signature of the person called <u>that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice</u>, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

21. Plaintiff has never done business with Defendant and has never provided it with prior express written consent to place autodialed telemarketing calls to his cellular telephone.

22. Furthermore, Plaintiff has been on the national "Do Not Call" registry since June 24, 2011.

23. In addition, the TCPA prohibits making "any call for telemarketing purposes" unless the caller has instituted certain minimum standards with respect to persons who request not to receive telemarketing calls (regardless of equipment used or consent obtained).

24. These standards include, among others, keeping a written policy, available upon demand, for maintaining a do-not-call list, and training personnel engaged in telemarketing on the existence and use of the do-not-call list. 47 CFR § 64.1200(d).

25. At the time of its calls to Plaintiff, Defendant did not have such a written policy, nor did it train personnel engaged in telemarketing on the existence and use of the do-not-call list.

26. Plaintiff, through his counsel, has repeatedly requested Defendant's "do not call" policy. Specifically, Plaintiff requested this policy on February 21, February 27, March 5, March 13, March 14, March 20, and March 26. Defendant, through its counsel, declined to produce the policy, stating that Plaintiff is not entitled to anything.

27. Thus, even if Defendant did have a policy in place at the time of the calls, Defendant's failure and refusal to produce that policy make it not "available upon demand".

28. Accordingly, all of Defendant's telemarketing calls to anyone, in the absence of such a policy, and regardless of consent or equipment used, violate 47 U.S.C. § 227(c).

29. Plaintiff is entitled to up to $500 for each call placed to his cellular telephone in violation of 47 U.S.C. § 227(c).

30. Plaintiff is entitled to $1,500 per call for violations of § 227(c) if the Court finds

that the violations were knowing and/or willful.

31. Plaintiff has suffered actual injury because of Defendant's unwanted and untrained telemarketing telephone calls, including, but not limited to:

- Device storage;
- Data usage;
- Lost time tending to and responding to the unsolicited calls;
- Invasion of Privacy;
- Nuisance;
- Deprivation of the right to request, receive, and act in accordance with the mandated "do not call" policy to stop further calls.

32. These forms of actual injury are sufficient for Article III standing purposes.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a proposed Class, defined as follows:

> Since March 29, 2014, Plaintiff and all persons within the United States to whose telephone number Defendant Cellular Sales of Knoxville, Inc. placed (or had placed on its behalf) two or more telemarketing telephone calls in a 12-month period.

34. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

35. The Class members for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

36. The exact number and identities of the persons who fit within the class are ascertainable in that Defendant maintains written and electronically stored data showing:

   a. The time period(s) during which Defendant placed its telephone calls;

   b. The telephone numbers to which Defendant placed its telephone calls;

   c. The telephone numbers for which Defendant had prior express written consent;

   d. The purposes of such calls;

   e. The names and addresses of Class members.

37. The Class is comprised of hundreds, if not thousands, of individuals nationwide.

38. There are common questions of law and fact affecting the rights of the Class members, including, *inter alia*, the following:

   a. Whether Defendant maintained a written "do not call" policy;

   b. Whether Defendant trained its employees or agents engaged in telemarketing on the existence and usage of any "do not call" policy;

   c. Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

   d. Whether Defendant should be enjoined from engaging in such conduct in the future.

39. Plaintiff Prall is a member of the Class in that Defendant placed two or more calls for telemarketing purposes in a one-year period to his telephone number without having a written "do not call" policy in place or training its personnel on the existence and use of any such "do not call" policy.

40. Plaintiff's claims are typical of the Class members' claims in that they arise from Defendant's uniform conduct and are based on the same legal theories as Class members' claims.

41. Plaintiff and all putative Class members have also necessarily suffered actual damages in addition to statutory damages, as all Class members spent time tending to Defendant's unwanted calls, lost space on their devices, and suffered a nuisance and an invasion of their privacy as they were unable to stop the calls if they wanted to do so.

42. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

43. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent themselves and the Class.

44. Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

45. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

46. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

47. Common questions will predominate, and there will be no unusual manageability issues.

### FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the Class)

48. Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

49. Defendant placed numerous calls for telemarketing purposes to Plaintiff's and Class members' telephone numbers.

50. Defendant did so despite not having a written policy pertaining to "do not call" requests.

51. Defendant did so despite not having such a policy available "upon demand."

52. Defendant did so despite not training its personnel on the existence or use of any "do not call" list.

53. Plaintiff and Class members each received two or more calls in a 12-month period.

54. Plaintiff and Class members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5).

55. Plaintiff and Class members are entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Prall, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Prall as the representative Class and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(c);

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages for violations of 227(c);

E. An award of treble damages;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** March 29, 2018

s/ Jeremy M. Glapion
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com
(*Pro Hac Vice* Pending)